UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ESTHER DAHAN
on behalf of herself and
all other similarly situated consumers

Plaintiff,

-against-

WEINSTEIN, KAPLAN & COHEN, P.C.
AND ROBERT N. COHEN

Defendant.

---------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff seeks redress for the illegal practices of Weinstein, Kaplan & Cohen, P.C. and Robert N. Cohen concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4.  Upon information and belief, Defendants' principal place of business is located in Nassau County.

5.  Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6.    Defendants are "debt collector[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Esther Dahan*

9.    Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about December 16, 2020, Defendants sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.   The said December 16, 2020 letter states in part as follows:  "As a consequence, our client has referred this matter to our firm to recover the above-mentioned  outstanding balance plus reasonable attorneys' fees, interest, costs and disbursements."

12.   Plaintiff signed a retainer agreement with the underlying law firm for her action for divorce being represented by DiMascio & Associates, LLP.

13.   Upon information and belief, the underlying retainer agreement, does not set forth that the Plaintiff is responsible for any attorney's fees if the matter is referred to collection.

14.   Said agreement states that any disputes are to go to arbitration.

15.   The said December 16, 2020 letter states in part as follows: "In proceeding against you, we shall seek all court costs, service of process costs, disbursements and reasonable attorneys' fees as may be reasonably set by the court and such other, further and different

remedies and the court may grant, in addition to the full recovery of your unpaid balance."

16. Said statemen is false because the retainer agreement states that the parties agree to arbitration.

17. Said statement is deceptive due to the false threat of recovering attorneys' fees as may be reasonably set by the court.

18. Said December 16, 2020 letter states in part: "You must know that it is only a question of time in collecting the full amount plus all of these other costs."

19. Said statement gives the false impression that the Plaintiff may not have the opportunity to defend herself in the underlying collection action.

20. Said December 16, 2020 letter states in part: "If you wish to avoid this and save the added costs of a court trial, you should immediately send a cashier's or certified check to the office, payable to the order of "Weinstein, Kaplan & Cohen, P.C., as attorneys," for the aforementioned sum."

21. Said language demanding immediate payment with threatening consequences contradicts the Plaintiff's right to dispute the debt within the initial thirty day period.

22. In or about May, 2021, the Defendants' unlawfully brought suit against the Plaintiff for the underlying collection matter.

23. Plaintiff has retained counsel to defend herself in the underlying collection matter.

24. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692g by using unfair means in connection with the collection a debt, by using false threats and by contradicting the Plaintiff's right to dispute the debt and seek verification thereof.

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26.  Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communication.

27.  Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

28.  Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

29.  Defendants used materially false, deceptive, misleading representations and means in their attempted collection of Plaintiff's alleged debt.

30.  Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31.  The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under various sections of the FDCPA.

32.  These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33.  As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, pecuniary loss, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

34.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-three (33) as if set forth fully in this cause of action.

35.   This cause of action is brought on behalf of Plaintiff and the members of a class.

36.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 16, 2020; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of the FDCPA.

37.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

      D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

      E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

39.    Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

42.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

6

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendants and award damages as follows:

      A. Statutory damages and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k) for plaintiff and the class;

      B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

      C. Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-three (33) as if set forth fully in this cause of action.

45. The underlying law firm which represented the Plaintiff in her divorce matter, the subject of the debt at issue, breached the retainer agreement.

46. The DiMascio firm represented the Plaintiff with willful neglect of her matter.

47. When the Plaintiff arrived for certain conferences at the DiMascio firm, the attorney was not prepared for the matter.

48. One time the attorney did not even realize that he had a meeting with the client and arrived at the office wearing sweat pants.

49. It was very difficult to be able to reach DiMascio on the telephone.

50. Plaintiff had to request several times for copies of correspondence between counsel.

51. When Plaintiff finally saw the correspondence, there were many inaccuracies.

52. Had DiMascio consulted with the Plaintiff, the representations would have been accurate.

53. Upon information and belief, DiMascio lied and blamed his secretary for the mistakes.

54. DiMascio either arrived late or failed to show up at appointments.

55.    There was an important motion that was withdrawn.

56.    There was a sale of a building which should not have occurred which cost the Plaintiff a substantial financial loss.

57.    DiMascio appeared in court unprepared.

58.    DiMascio appeared in court and then began to ask questions of the Plaintiff and in that fashion prepare himself for the hearing.

59.    The representation was so poor that the Plaintiff had to retain another firm to continue with her divorce matter.

60.    Upon information and belief, the DiMascio firm did not retain outside counsel to attempt to collect upon the purported debt until after the statute of limitations period had expired for legal malpractice.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendants and award damages as follows:

>    A.  Statutory damages and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

>    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

>    C.  Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

61.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-three (33) as if set forth fully in this cause of action.

62.    Defendants knew that they had an obligation to bring the matter to arbitration.

63.   Defendants knew that by filing the matter in Nassau County Supreme Court, it would cause the Plaintiff to incur more in attorney's fees to defend the action and be more likely to settle.

64.   Defendants were put on notice prior to filing the action that the quality of representation by the DiMascio firm was poor as pointed out in the allegations herein.

65.   Upon information and belief, Defendants purposely filed suit after the three years statute of limitations in order to avoid the counterclaim of legal malpractice.

66.   The Defendants filed suit for an amount which was not owed due to the representation of the Plaintiff in the underlying divorce action.

67.   The Defendants knew that the Plaintiff's ex husband caused the Plaintiff to undergo extreme and cruel treatment during the approximately six years of the divorce proceeding.

68.   Based upon the totality of the circumstances, the Defendants having knowingly filed the action constitutes extreme and outrageous conduct in order to intimidate and harass Plaintiff into paying an amount the Plaintiff did not owe.

69.   The Defendants knew the emotional state of the Plaintiff, and that she suffered many years of spousal abuse.

70.   The Defendants intended to cause the Plaintiff severe emotional distress.

71.   By harassing the Plaintiff by filing the collection lawsuit, the Defendants caused the Plaintiff to suffer severe emotional distress.

WHEREFORE, Plaintiff, respectfully requests actual damages, punitive damages, costs and any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 11, 2021

Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

WEINSTEIN, KAPLAN & COHEN, P.C.
COUNSELORS AT LAW
1325 FRANKLIN AVENUE
SUITE 210
GARDEN CITY, NEW YORK 11530
TELEPHONE (516) 877-2525
TELECOPIER (516) 877-7760
WWW.WKC-LAW.COM

ROBERT N. COHEN*
ERIKA L. CONTI
DANIELE D. DE VOE

*NY AND CA BAR
**NY AND FL BAR

MARTIN WEINSTEIN
(1924-2019)

ALEXANDER M. KAPLAN**
(OF COUNSEL)

December 16, 2020

Esther Dahan
846 Peninsula Boulevard
Woodmere, NY 11598-2426

> Re: DiMascio & Associates, LLP f/k/a John P. DiMascio & Associates, LLP and Esther Dahan

Mr. Dahan:

This office has been retained by DiMascio & Associates, LLP with regard to your outstanding balance of $79,082.87 plus interest from November 1, 2020 at a rate of 12% per annum pursuant to the terms of your retainer agreement.

Payment of the outstanding balance has been due and you have failed to pay, despite repeated demands for payment made by our client. As a consequence, our client has referred this matter to our firm to recover the above-mentioned outstanding balance plus reasonable attorneys' fees, interest, costs and disbursements. However, we shall delay proceeding further in this matter for a period of thirty (30) days to afford you an opportunity to reconsider your position.

Please be advised of the following:

(1) Unless you dispute the validity of this debt or any portion thereof within thirty (30) days of your receipt of this notice, we will presume the debt to be valid.

(2) If you notify us within thirty (30) days of your receipt of this notice that you dispute this debt, or any portion thereof, we will obtain verification of the debt, or a copy of the judgment, if applicable, and a copy of such verification or judgment will be mailed to you.

## WEINSTEIN, KAPLAN & COHEN, P.C.

(3)    Upon your written request within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor if different from the current creditor.

Unless you dispute this debt within thirty (30) days from receipt of this letter, or you otherwise arrange with this office for payment of the sum due within the aforementioned thirty (30) day period, we may proceed to litigation in this matter without further notice to you. Once such action has been taken, you will no longer be privileged to settle this matter for the above amount since our client will have necessarily incurred additional costs and fees for which you may be held liable to the extent permitted by law.

In proceeding against you, we shall seek all court costs, service of process costs, disbursements and reasonable attorneys' fees as may be reasonably set by the court, and such other, further and different remedies as the court may grant, in addition to the full recovery of your unpaid balance.

You must know that it is only a question of time in collecting the full amount plus all of these other costs. If you wish to avoid this and save the added costs and inconvenience of a court trial, you should immediately send a cashier's or certified check to this office, payable to the order of "Weinstein, Kaplan & Cohen, P.C., as attorneys", for the aforementioned total sum. Make certain that your payment or validation request is mailed no later than thirty (30) days from the date you receive this letter.

Please be advised that, in the event we fail to receive the requisite payment within the time specified, this office may be constrained to proceed in this matter without any further notice to you.

Please guide yourself accordingly.

Very truly yours,

WEINSTEIN, KAPLAN & COHEN, P.C.

By: _____

ROBERT N. COHEN

RNC/bp

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**